IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Franklin P. Fullen, | : | |
| Plaintiff | : | Case No. 2:09-cv-00412 |
| v. | : | Judge Frost |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge |
| | : | |
| Defendant | | |
| | : | |

**ORDER**

This matter is before the Court on plaintiff Fullen's May 3, 2010 objections (doc. 19) to Magistrate Judge Abel's April 20, 2010 Report and Recommendation (doc. 18). The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Fullen is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Fullen filed for disability benefits in July 2005, maintaining that he became disabled by seizures, an enlarged bladder, high blood pressure, and loss of hearing in his left ear at age 48 in June 2005. (R. 60.) Fullen has a high school education and has been employed as a factory worker and housekeeper in a nursing home. The administrative law judge found that Fullen retained the ability to perform work having medium exertional demands.

Plaintiff argues that there is not substantial evidence to support the administrative law judge's finding that Fullen retained the residual functional capacity for work having medium exertional demands because he based the finding on an opinion by Dr. Vogel made 18 months before plaintiff suffered a cerebral vascular accident; the administrative law judge erred in not calling a medical expert to testify; and the administrative law judge erred in finding that Fullen's allegations of disabling pain were not credible.

As summarized by the Magistrate Judge, the administrative law judge did rely on Dr. Vogel's opinion in finding that Fullen was able to perform medium work:

> The ALJ, generally speaking, found the February 2006 opinions of Dr. Vogel, the state agency physician, to be consistent with the objective medical evidence of record and accepted them. (R. 22.) He expressly rejected Dr. Garabis' August 2005 functional capacity evaluation, giving it no weight because Dr. Garabis had failed to refer to specific medical findings within the record and explain how they supported his opinion. (R. 22.) The ALJ concluded that "the evidence of record strongly suggests that [Plaintiff's] seizures are alcohol-related and occur only when the claimant stops drinking alcohol after binging." (R. 18.) With respect to Plaintiff's bladder condition, the ALJ found that:
> Later treatment records do not reflect significant complications from this bladder condition. . . . No treatment or presence of significant pain or discomfort has been noted. There is no evidence of nephropathy, kidney failure, renal disease, or significant bladder or urethra dysfunction that would necessitate special accommodations in the work place due to leakage or frequent urge or need for voiding. Indeed, treating physicians have repeatedly commented that the claimant has denied any bladder problems.
> (R. 18.) In addition, the ALJ addressed Plaintiff's stroke, stating that while it had caused from slurred speech and decreased sensation and weakness, "there is no evidence of sensory or motor aphasia such that he is unable to engage in effective speech or communication or of significant and persistent disorganization of motor function." (R. 19.)

2

(Doc. 18, at pp. 17-18.) The Report and Recommendation further concluded that the administrative law judge did not err in relying on Dr. Vogel's opinion:

> The medical record did not require the administrative law judge to find that either the residuals of Fullen's stroke or his complaints of generalized pain rendered him disabled. No treator has said that the residuals of Plaintiff's stroke prevent him from working. And there are no x-ray, CT-scan, MRI or clinical findings that substantiate Fullen's testimony that his subjective symptoms prevent him from working. A November 2007 examination found only that Plaintiff's left-side motor strength was slightly impaired. (R. 181-182.) In July 2008, Dr. Poudel July 28, 2008 examination said that Fullen had degenerative joint disease of the back and hip, as well as a benign sclerotic lesion in his left iliac bone area. But the x-ray and body scan findings as well as Dr. Poudel's clinical findings were, as the administrative law judge found, quite modest and did not preclude light [sic] work.

(Doc. 18, at pp. 22-23.)

Plaintiff's objections merely assert that Fullen's stroke must have affected his residual functional capacity, but he points to no medical evidence that it does.

The only medical evidence regarding the stroke is contained in a November 26, 2007 report from Dr. Michael Jones. The Report and Recommendation fairly summarizes that report:

> On November 26, 2007, Fullen saw Dr. Michael Jones, D.O., for a neurologic consultation. (R. 180.) He reported having suffered a stroke in mid-October of that year, but did not seek immediate medical attention because he had an office visit scheduled for a few days later. Plaintiff also reported his history of infrequent seizures dating from 2005. He complained of left-sided paresthesias, tenderness in his left face, arm, and leg, weakness in his left side, and speech problems. (R. 180.) Dr. Jones found that Plaintiff was alert and oriented to person, place, and time, followed commands, and answered questions appropriately. There was no agnosia, aphasia, or aphraxia identified, and judgment and abstract thinking were apparently intact. He said he did not drink alcohol. Dr.

3

> Jones identified a right Horner's syndrome, slightly decreased ("4/5") motor strength in his left upper and lower extremities, and dysesthesia and hyperesthesia of the left face, arm, and leg. (R. 181.) Dr. Jones reviewed an MRI scan of the brain from October 2007, which revealed a subacute infarct in the right cerebellar hemisphere, as well as a small bit of extension into the right lateral medulla. (R. 181.)
> Dr. Jones' impressions were:
>> 1. Right cerebellar hemispheric infarction with extension into the right lateral medulla. This gentleman's clinical presentation is indeed consistent with the lateral medullary syndrome of Wallenberg. This is very likely caused by compromise of the right vertebral or perhaps right RICA artery. His risk factors include cigarette smoking and hypertension. Contralateral weakness and dysesthesias are common in this entity.
>>
>> 2. He does give a history of seizures. However, it does not seem that this complaint has been worked up as of yet and further assessment is necessary to determine whether or not he truly has epilepsy.
>
> (R. 182.) Dr. Jones prescribed a daily aspirin, Lamictal, 25 mg. p.r.n., and Neurontin 300 mg ti.d. He advised Fullen that it was important that he stop smoking tobacco. He was to make a followup appointment with Dr. Jones.

(Doc. 18, at pp. 8-9.) Nothing in Dr. Jones' findings, including his interpretation of the October 2007 MRI of Fullen's brain demonstrating abnormalities, required the administrative law judge to find that Fullen could not perform medium work. As defendant argues, he did not limit plaintiff's functioning, and he did not indicate that the neurological deficits were permanent. Fullen did not seek immediate medical treatment for the stroke, and there is no evidence in the record of treatment for it after the one visit to Dr. Jones. Plaintiff also argues that July 2008 x-rays and a full body scan showed degenerative joint disease and sclerotic focus on the left iliac bone area, and

4

that these likewise provide objective evidence to support the severity of Fullen's claims. (R. 186 and 192-95.)  However, as the ALJ and Magistrate Judge held, these findings, as well as the conclusions Dr. Poudel drew from them, did not indicate substantially diminished functional capacity.

Plaintiff's arguments that the administrative law judge failed to properly evaluate his complaints of disabling pain and that he should have retained the services of a medical expert are also without merit. The Magistrate Judge adequately and correctly addressed these arguments at pp. 20-26 of the April 20, 2010 Report and Recommendation (doc. 18).

Fullen's objections, in the end, are:

> That an ALJ should be afforded deference and a limited amount of discretion is one thing. It is quite another thing to allow an ALJ to determine that the best description of Plaintiff's capabilities remains a residual functional capacity assessment rendered prior to the event that the Plaintiff testified was the basis of his most disabling limitations and supported by statements that have since proved inaccurate. Moreover, it is erroneous to conclude it remains the best assessment in the face of evidence of further limitations, without even addressing an opinion in the record that supports Plaintiff's allegations, and in the absence of any professional opinion that Plaintiff's capacity has not changed.

(Doc. 19 at 5.)  However, Plaintiff has not presented medical evidence that his stroke did substantially diminish his residual functional capacity, and the burden is upon him to demonstrate that his condition after the stroke was different from when Dr. Vogel evaluated him.  The ALJ found Fullen's subjective complaints of disabling pain to be unsupported by objective evidence.  While he did not directly refer to Dr. Poudel's

5

findings, the medical record reviewed by the ALJ contained substantial evidence to support his findings that the effects of the stroke were not as great as Fullen claimed. Accordingly, the Court will not overrule the Commissioner's decision.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED**.  Defendant's motion for summary judgment is **GRANTED**.  The decision of the Commissioner is **AFFIRMED**.  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

      /s/    Gregory L. Frost
Gregory L. Frost
United States District Judge